JAMES P. KRAUZLIS, ESQ.
CASEY & BARNETT, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
Our Ref. :     176-88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INTERESTED UNDERWRITERS AT LLOYD'S
UNDER POLICY NUMBER CM309490M a/s/o     **ECF**
Sysco International Food Group, Inc.,

    **20 Civ**.

                     Plaintiff,

   - against -                       **COMPLAINT**

COMMODITY FORWARDERS, INC., and SAUDIA
CARGO, a subsidiary of SAUDI ARABIAN
AIRLINES a/k/a SAUDIA AIRLINES,
           Defendants.
-------------------------------------------------------------X

       Plaintiffs, INTERESTED UNDERWRITERS AT LLOYD'S UNDER POLICY NUMBER CM309490M a/s/o Sysco International Food Group, Inc., by and through its attorneys, CASEY & BARNETT, LLC, for its Complaint against the Defendants alleges upon information and belief as follows:

       1.     This action arises out of the Montreal Convention, a Treaty to which the United States is a signatory.  The Court has jurisdiction pursuant to 28 USC § 1331.

       2.     At all material times Defendants were and are present within the jurisdiction of this Honorable Court and transaction referred to hereinafter occurred with the jurisdiction of this Honorable Court.

3. At all material times, INTERESTED UNDERWRITERS AT LLOYD'S UNDER POLICY NUMBER CM309490M (hereinafter "LLOYD'S" or "Plaintiffs") is a foreign insurance company with its principal place of business One Lime Street, London EC3M 7HA, United Kingdom, and issued a policy of insurance to Sysco International Food Group, Inc., ("Sysco") covering the subject shipment of frozen food stuff, as more fully described below.

4. At all material times, Defendant, COMMODITY FORWARDERS, INC. (hereinafter "CFI" or "Defendants"), is a corporation with an office and place of business located at 220 Lawrence Ave #3, Lawrence, NY 11559, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

5. At all material times, Defendant, SAUDIA CARGO, a subsidiary of SAUDI ARABIAN AIRLINES a/k/a SAUDIA AIRLINES (hereinafter "SAA" or "Defendants"), is a corporation with an office and place of business at JFK International Airport Terminal 1, Building 55, Jamaica, NY 11430, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

5. Plaintiffs brings this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

6. This is a claim for heat distress damage to a consignment consisting of 2,163 cartons loaded in six (6) LD7 air pallet containers of Frozen Foodstuffs, shipped by Plaintiff's assured, Sysco International Food Group, Inc., which was carried from New York, New York, to

Riyadh, Saudi Arabia, under CFI's House Air Waybill numbered no. JFK-055530 dated June 15, 2018 and SAA's Master Air Waybill numbered 065-33701474, also dated June 15, 2018.

7. The consignment was delivered to CFI and SAA on or before June 15, 2018, at New York, New York, and CFI was retained to package and prepare the subject shipment for carriage from New York to Riyadh, Saudi Arabia, providing, amongst other services, loading into air pallet containers known as "LD7's", and to otherwise provide proper preparations for, including using sufficient dried ice, to ensure the shipment would arrive at destination in the same good order and condition as when first delivered to and received by CFI in New York.

8. At the time of delivery to and receipt by both CFI and SAA the shipment was in good order and condition and with no notations or exceptions as to the condition of the cargo.

9. The shipment departed New York, New York, destined for Riyadh, Saudi Arabia, under CFI's House Air Waybill numbered no. JFK-055530 dated June 15, 2018 and SAA's Master Air Waybill numbered 065-33701474, also dated June 15, 2018.

8. When the cargo arrived at its intended destination of Riyadh, Saudi Arabia, it was noted the shipment suffered severe damage due the shipment having been subject to high temperatures and heat distress during the court of carriage and before arrival at Riyadh, Saudi Arabia, and during the course of the international air carriage as described aforesaid.

9. The shipment was refused entry into Saudi Arabia by the governmental authorities due to the severe heat damage rendering the entire shipment inedible and ordered the shipment to be destroyed.

10. Subsequently, the entire shipment was destroyed, due to condition of the cargo upon arrival at Riyadh, Saudi Arabia, for which the Plaintiff's assured, Sysco International Food Group, Inc., suffered damages.

3

10. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assured but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendants and/or their agents.

11. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to CTI and SAA within the time set forth in the Convention.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Plaintiff's assured, Sysco International Food Group, Inc., and LLOYD'S, which provided coverage for, among other things, loss or damage to the subject consignment.

13. Pursuant to the aforementioned contract of insurance between Plaintiff's assured, Sysco International Food Group, Inc., and LLOYD'S, monies have been expended on behalf of Plaintiff's assured, Sysco International Food Group, Inc., to the detriment of LLOYD'S due to the damages sustained to the cargo during transit.

14. As LLOYD'S has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendants, LLOYD'S has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendants.

15. By reason of the foregoing, the Plaintiff has been damaged in the amount of $197,040.57, as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff respectfully demands judgment in the amount of $197,040.57, against the Defendants, jointly and severally, together with interest, costs, and disbursements, and such other and further relief as to the Court appears just and proper.

Dated: New York, New York
      June 12, 2020
      176-88

                    **CASEY & BARNETT, LLC**
                    Attorneys for Plaintiff

By: _____
       James P. Krauzlis, Esq.
       305 Broadway, Suite 1202
       New York, New York 10007
       (212) 286-0225